**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PHILLIP LEON MALLORY II,

Defendant-Appellant.

No. 06-1468
(D.Ct. No. 05-cr-298-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

Appellant Phillip Leon Mallory II pled guilty to one count of knowingly

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

making a false and fictitious oral and written statement in connection with acquisition and attempted acquisition of a firearm, with such statement being intended and likely to deceive a licenced dealer with respect to material facts related to the lawfulness of the sale and disposition of the firearm, in violation of 18 U.S.C. § 922(a)(6). The district court sentenced Dr. Mallory to time served and three years supervised release. Although Dr. Mallory appeals his conviction and sentence, his attorney has filed an *Anders* brief and motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.

## I. Background

Because Dr. Mallory premises his appeal, in part, on circumstances preceding his federal offense, such background information is useful for our disposition of his appeal, as follows.[1] In July 2004, officers with the Arapahoe County, Colorado, Sheriff's Office executed a search warrant of a hotel room based on allegations made by a woman who claimed she received prescription

---

[1] Because none of the parties provided a sufficient factual or procedural narrative in their appellate briefs and responses, we rely on documents in the record and provided on appeal for the purpose of discerning Dr. Mallory's claims as they relate to such background information. Because Dr. Mallory provided many of the documents relating to his state case, we rely on those documents solely for the purpose of background information, giving Dr. Mallory the benefit of the doubt as to the content of those documents only for the purposes of this appeal.

drugs from a doctor associated with that room in exchange for acts unrelated to the provision of any medical services. Thereafter, in March 2005, Dr. Mallory was indicted and arrested on felony charges in case number 05-CR-00609 in the District Court for Arapahoe County, Colorado. Although Dr. Mallory was released on bond, a mandatory restraining order was issued against him for the protection of the woman making the allegations against him. One of the conditions of the restraining order included a prohibition stating Dr. Mallory could not possess or control a firearm or other weapon. Dr. Mallory signed the order under the notation acknowledging receipt of the order on the same day it was issued.

Ten weeks later, on May 26, 2005, Dr. Mallory knowingly made a false or fictitious oral and written statement in connection with the acquisition or attempted acquisition of a Bushmaster AR-15 .223 caliber rifle from a licensed dealer, with such statement being intended and likely to deceive such dealer with respect to facts material to the lawfulness of the sale and disposition of the firearm, in violation of 18 U.S.C. § 922 (a)(6).[2] Specifically, Dr. Mallory filled out ATF form 4473, which contains numerous background questions and an admonishment that false statements made on the form may result in federal

_____

[2] In his plea agreement, Dr. Mallory stipulated to the facts supporting his indictment.

prosecution. In response to the question asking whether the purchaser is under an indictment for a felony, Dr. Mallory marked "no," which was an untrue response given the pending state charges against him. Two days later, on May 28, 2005, Dr. Mallory asked a family friend to assist him in purchasing the same type of gun from the same gun store, and on her ATF form she made a false statement she was purchasing the gun for herself and not another individual.

On June 2, 2005, an Arapahoe County District Court judge issued an order for Dr. Mallory's arrest and bond to be set at $100,000, presumably because he violated the provision of the restraining order prohibiting his possession of a firearm. A few weeks later, on June 21, 2005, the federal indictment issued, charging Dr. Mallory with the instant offense. On August 24, 2005, a superseding indictment issued charging the instant offense and adding an additional count of abetting in the commission of an offense under 18 U.S.C. § 922(a)(6) by causing a family friend to knowingly make a false and fictitious statement in connection with acquisition and attempted acquisition of a firearm.

Thereafter, on April 27, 2006, Dr. Mallory entered a plea agreement, agreeing to plead guilty to the federal count of making a false statement in connection with acquisition and attempted acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) in exchange for dismissal of the additional criminal charge

of abetting another. He also signed a statement in advance of his guilty plea and attended a plea hearing before the federal district court, where the court accepted Dr. Mallory's guilty plea. On May 12, 2006, an Arapahoe County District Court judge entered an order dismissing all state counts against Dr. Mallory and quashing all outstanding warrants issued for his arrest based on the state's motion to dismiss, which explained prosecution was no longer necessary because Dr. Mallory pled guilty in federal district court in the instant case.

Thereafter, a federal probation officer prepared a presentence report calculating Dr. Mallory's sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The presentence report set Dr. Mallory's base offense level at 14, noted he had no prior criminal history, and recommended a two-level downward adjustment for acceptance of responsibility. Dr. Mallory's total offense level of 12, together with his criminal history level score of I, resulted in a Guidelines sentencing range of ten to sixteen months imprisonment. Based on the six months Dr. Mallory served in custody and four months he served in home detention, the probation officer recommended a sentence of time served and three years supervised release.

Sometime during the pendency of litigation against Dr. Mallory, the Colorado State Board of Medical Examiners revoked his medical license. Prior to

-5-

sentencing, Dr. Mallory filed a *pro se* letter with the federal district court asking to withdraw his guilty plea; in response, the court issued an order noting Dr. Mallory had legal representation, striking the letter, and ordering the sentencing hearing to proceed. At the sentencing hearing, Dr. Mallory ultimately took responsibility for his conduct in the instant offense, stating, "I should have known better, that since I had run afoul of the law, that I should not have tried to purchase a weapon." R., Supp. Vol. 1 at 15-16. The district court then questioned Dr. Mallory, based on his letter written to the court, as to whether he wished to withdraw his guilty plea. After consulting with his counsel, Dr. Mallory advised he could not answer the question at that time; the court then continued the sentencing hearing for the purpose of allowing Dr. Mallory time to determine whether he wished to withdraw his plea and, if not, to submit a signed statement to the court. In so doing, the district court cited the seven-part test required to be addressed in withdrawal of a guilty plea. At the conclusion of the hearing, Dr. Mallory stated, "I'm not saying that I necessarily am without guilt, okay. And I'm just wondering, do you have any latitude in imposing a sentence whereby I might still practice medicine again somewhere in these United States?" *Id*. at 21. The district court responded:

> [T]he only reason you're in front of me today relates to the Government's charges against you for violating certain federal statutes regarding attempts by you … to purchase a weapon at a time when you had pending felony charges against you in Arapahoe County and based on the answers that you gave in the applications.

> ... I have no direct jurisdiction over what the Colorado Medical
> Board ... may do. ... So whether or not my decision will allow you
> to practice medicine or not practice medicine is not something that I
> will decide, because I can't decide it.

*Id.* at 21-22.

Days later, Dr. Mallory signed and filed with the court a pleading, stating he did not wish to withdraw his guilty plea. At the second sentencing hearing, neither party filed any objections to the presentence report, including the sentencing recommendations. Counsel for the government agreed with the presentence report's recommendation that Dr. Mallory receive a sentence of time served, but also requested he receive the recommended three years supervised release, not as a punitive measure against him, but for the purposes of changing his attitude to take responsibility for his actions, safeguarding the community, and protecting Dr. Mallory's own welfare.

Prior to sentencing, Dr. Mallory reaffirmed his guilty plea and ultimately acknowledged that "in the broad sense of applicable federal law" he was guilty of the charge. R., Supp. Vol. 2 at 14. He further stated, "there is remorse on my part that ... I shouldn't have tried to seek a weapon. ... And again, I do apologize for being in violation of federal law." *Id.* at 16. In imposing the sentence, the district court explicitly stated it had considered the presentence report factual findings, the advisory Guidelines, and the factors set forth in 18 U.S.C. § 3553(a),

and then sentenced Dr. Mallory at the low end of the Guidelines range to ten months time already served and three years supervised release.

After Dr. Mallory filed his notice of appeal, his appointed counsel filed an *Anders* appeal brief. Counsel stated he conducted a diligent review of the record and could not in good faith advance an argument the record supported a challenge to either the voluntary and intelligent character of the plea in the case or the reasonableness of the sentence. In support, counsel pointed out the district court sentenced Dr. Mallory at the low end of the applicable Guidelines range. In addition, counsel moved for an order permitting his withdrawal as Dr. Mallory's counsel. *See Anders*, 386 U.S. at 744. Pursuant to *Anders,* this court gave Dr. Mallory an opportunity to respond to his counsel's *Anders* brief. *See id.* Dr. Mallory filed a response.

In his *pro se* response, Dr. Mallory makes numerous assertions unrelated to the instant federal charge, including: 1) contesting the Colorado State Board of Medical Examiners' revocation of his license; 2) questioning the sufficiency of the evidence supporting the sheriff's officers' assertion of probable cause for the search warrant of his motel room; 3) alleging criminal misconduct of those same officers; 4) asserting the state judge did not read or explain the charges against him in his state case and further caused him to sign the restraining order "before

the appropriate blocks were checked"; 5) claiming the Arapahoe County District Attorney misrepresented his restraining order violation was a violation of federal law; and 6) alleging county officials continue to hold his "priceless illegally seized property" hostage. Apt. 6/25/07 Resp. at 1. The only allegation made with respect to the instant case is made in one sentence, in which he states, "[m]y acceptance of this legally insufficient plea agreement was not voluntary." *Id.*

In response, the government did not file a brief, but subsequently filed a letter directing this court to supplemental authorities addressing Dr. Mallory's *pro se* response. The government indicated Dr. Mallory was seeking to collaterally attack his "underlying prior state felony conviction" and provided authority that Dr. Mallory must assert complete denial of counsel in the state proceeding for a collateral attack, which he failed to do. In turn, Dr. Mallory filed a responsive letter with copies of state court stamp-filed documents attached, explaining he never received a state felony conviction because the charges relating to his state action were dismissed against him. A notation in the stipulated facts in his plea agreement confirms such dismissal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. Turning first to Dr. Mallory's *pro se* assertion

that his guilty plea was involuntary, we construe his *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). While we construe *pro se* pleadings more liberally, we have repeatedly held that perfunctory or cursory reference to an issue, like here, unaccompanied by some effort at a developed argument, is inadequate to warrant consideration. *See United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002) (relying on *United States v. LaHue*, 261 F.3d 993, 1009 (10th Cir. 2001), and *Femedeer v. Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000)). More specifically, we have held a conclusory statement by a defendant "absent any other evidence, [is] insufficient to show that his plea was involuntary." *United States v. Kramer*, 168 F.3d 1196, 1200 (10th Cir. 1999).

In this case, Dr. Mallory states his plea agreement was involuntary in one cursory sentence and has not otherwise provided additional argument or a copy of the plea hearing transcript in support of his contention.[3] In addition, the district court twice gave him the opportunity, at two different sentencing hearings, to decide whether to withdraw his guilty plea, and each time, after consultation with his attorney, Dr. Mallory indicated he wanted to proceed with sentencing and acknowledged he was guilty of breaking the law as charged. Any doubt about his

_____

[3] Neither Dr. Mallory nor his appointed attorney provided the transcript of his plea hearing. An appellant making a claim has a responsibility to provide those portions of the record on appeal which support his claim. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000).

guilty plea seems to have stemmed from his concern about regaining his medical license after it was revoked, and not from any misgivings about his professed guilt, which he repeatedly acknowledged. Further, his attorney on appeal has stated he conducted a diligent review of the record and could not in good faith advance an argument that the record supports a challenge to the voluntary and intelligent character of his plea. These circumstances, taken together with Dr. Mallory's unsupported, cursory statement that his plea agreement was involuntary, without more, do not support a claim. Thus, based on the record before us, we cannot say Dr. Mallory's guilty plea was involuntary for the purpose of challenging his conviction.

As to his sentence of ten months time served and three years supervised release, we review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. The district court in this case explicitly considered the factors in § 3553(a), and a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range, which Dr. Mallory has not rebutted. *See id.* at 1053-55. In addition, Dr. Mallory has not provided any argument pertaining to his three-year term of supervised release, leaving us to conclude, under the

circumstances presented in the record, that his term of supervised release is not unreasonable.

As to his state-related claims, to the extent that Dr. Mallory is collaterally attacking any prior conviction, the government correctly points out he has not claimed or otherwise shown he was denied counsel in his state case – a threshold requirement for a defendant in a federal criminal case collaterally attacking a prior conviction. *See United States v. Cousins*, 455 F.3d 1116, 1125 (10th Cir. 2006) (relying on *Custis v. United States*, 511 U.S. 485, 487 (1994)), *cert. denied*, 127 S. Ct. 162 (2006), *and cert. denied*, 127 S. Ct. 706 (2006). However, it appears from documents provided by Dr. Mallory and a stipulated fact in the plea agreement that the state charges against him in Arapahoe County criminal case number 05-CR-00609 were in fact dismissed. As a result, this is not a matter of a collateral attack on a state conviction, as the government indicates. In any event, we note Dr. Mallory's *pro se* argument as it relates to the instant case appears to center on the state court's restraining order and its prohibition on possessing a gun. However, his argument misses the point. Instead, the instant federal offense stems directly from Dr. Mallory's false statement he was not under indictment for a felony crime at the time he attempted to purchase a gun. As a result, his instant offense is not related to the mandatory restraining order. We further note Dr. Mallory has never suggested such state charges were not pending against him at

-12-

the time he made the false statement.

Finally, Dr. Mallory's other claims concerning revocation of his state medical license and the conduct of certain county officials, both during the state-initiated search and seizure and charges brought against him, involve state action over which we do not have jurisdiction for the purpose of our review of his federal conviction and sentence. Therefore, we will not address them on appeal.

III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we grant counsel's motion to withdraw and **DISMISS** Dr. Mallory's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge